# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH LEE TOWNSEND, <br><br> Plaintiff, <br><br> v. <br><br> ALEX VILLANUEVA et al., <br><br> Defendants. | No. CV 20-06446-SVW (DFM) <br><br> ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

## I. BACKGROUND

In July 2020, state prisoner Joseph Townsend ("Plaintiff") filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983. See Dkt. 1. On August 17, the Magistrate Judge screened the Complaint and dismissed it with leave to amend. See Dkt. 4. Plaintiff was ordered, within thirty-five (35) days, to either stand on the Complaint or file a First Amended Complaint. See id. at 8. Plaintiff was expressly warned that failure to act would result in dismissal for failure to prosecute. See id. at 9. Now, nearly two months later, after the deadline has passed, Plaintiff has not filed anything.

## II. DISCUSSION

District courts have the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions under Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with a

court order. See Link v. Wabash R.R., 370 U.S. 626, 629-31 (1962). This applies to pro se litigants as well, who are expected to comply with the same procedural standards as represented litigants. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); L.R. 83-2.2.3 ("Any person appearing pro se is required to comply with these Local Rules, and with the F.R.Civ.P.").

In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." Id. at 1440.

Here, the first and second factor favor dismissal. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Plaintiff has failed to respond to the Court's order or seek an extension. Plaintiff's conduct hinders the Court's ability to move this case toward disposition and indicates that he does not intend to litigate this action diligently.

The third factor weighs in favor of dismissal. A rebuttable presumption of prejudice to the defendant arises when there is a failure to prosecute diligently. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). That presumption may be rebutted where a plaintiff proffers an excuse for delay. Plaintiff has failed to offer any excuse or reason for his failure to respond by the deadline. Plaintiff's unnecessary delay "inherently increases the risk that witnesses' memories will fade and evidence will become stale." Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

The fourth factor generally weighs against dismissal; however, it assumes that a litigant has complied with the statutory obligations imposed under Rule 11(b) and has manifested a diligent desire to prosecute his or her claims. See In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir. 2006) ("[T]his factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.") (citation and internal quotation marks omitted). Where, as here, the prisoner-plaintiff has failed to respond to a valid Court order, the fourth factor favors dismissal.

Finally, the fifth factor, the availability of less drastic sanctions, weighs in favor of dismissal where, as here, the Court explicitly warned Plaintiff of the need to file a response, lest this action be dismissed for failure to prosecute. See Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) ("[A] district court's warning to a party that his or her failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."); Malone v. U.S. Postal Serv., 833 F.2d 128, 132-33 (9th Cir. 1987) (same, collecting cases).

Taking all the factors into account, the Court finds that dismissal of this action without prejudice is required.

///
///
///
///
///
///
///
///

## III. CONCLUSION

This matter is dismissed without prejudice for failure to prosecute. Judgment shall be entered accordingly.

Date: October 21, 2020

STEPHEN V. WILSON
United States District Judge

Presented by:

DOUGLAS F. MCCORMICK
United States Magistrate Judge

4